# **<u>EXHIBIT 1</u>**

## SETTLEMENT AGREEMENT

*Sellers, et al. v. JustAnswer LLC*
San Diego County Superior Court
Case No. 37-2020-00005869-CU-BT-CTL

This Settlement Agreement ("Agreement," the terms of which are sometimes referred to as the "Settlement") is entered into by and between plaintiffs Tina Sellers ("Sellers") and Erin O'Grady ("O'Grady") (collectively, "Plaintiffs"), on the one hand, and defendant JustAnswer LLC ("Defendant" or "JustAnswer"), on the other hand. Each of the foregoing is a "Party" (collectively, the "Parties").

I.    RECITALS

A.    On January 31, 2020, Plaintiffs filed a complaint in the Superior Court of the State of California, County of San Diego, entitled *Sellers, et al. v. JustAnswer LLC,* Case No. 37-2020-00005869-CU-BT-CTL (the "Action"). (ROA #1.) The Action alleges that, in connection with membership subscription offers made to California consumers, Defendant violated provisions of California consumer-protection law, including the Automatic Renewal Law (Bus. & Prof. Code, § 17600 et seq.) ("ARL"), the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.) ("CLRA"), and the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) ("UCL").

B.    In response to the Complaint, on May 26, 2020, Defendant filed a Motion to Compel Arbitration and Stay of Proceedings ("MTCA"). (ROA #15-20.) After briefing and oral argument, the Superior Court (Hon. Kenneth J. Medel) issued an order denying the motion on August 13, 2020. (ROA #47.) On August 17, 2020, Defendant filed a notice of appeal. (ROA #49-50.)

C.    Following an exchange of relevant information, on January 13, 2021, the Parties participated in a full-day mediation before Jill R. Sperber, Esq., a professional mediator associated with Judicate West. The Parties were unable to reach a settlement at the mediation. As a result, the Parties proceeded with briefing in the Court of Appeal.

1

D.    On December 30, 2021, the Court of Appeal issued an Opinion affirming the Superior Court's order.

E.    Following an exchange of additional information, the Parties have reached a settlement on the terms set forth herein. This Agreement represents a compromise of disputed claims. Defendant denies any and all allegations of liability, fault, or wrongdoing, and denies that any claims alleged in the Action are suitable for class certification other than for purposes of this Settlement.

Therefore, the Parties agree as follows:

II.    <u>CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT</u>

A.    The Settlement will become final and effective upon the occurrence of all of the following events:

1.    The San Diego County Superior Court (the "Court") enters an order preliminarily approving the Settlement and conditionally certifying the Class as defined in Section III.  The date the Court enters an order granting preliminary approval of the Settlement will be referred to as the "Preliminary Approval Date."

2.    The Court enters an order and judgment granting final approval of the Settlement.  The date the Court enters the judgment will be referred to as the "Judgment Entry Date."

3.    The Effective Date occurs.  The "Effective Date" will be determined as follows:

(a)    The Effective Date will be the Judgment Entry Date unless a Class Member, as defined in Section III.A., files a timely objection to the Settlement that is not withdrawn on or before the Judgment Entry Date.

(b)    If a Class Member files a timely objection to the Settlement that is not withdrawn on or before the Judgment Entry Date, then the Effective Date will be sixty-one (61)

2

days following the Judgment Entry Date, unless that Class Member files a timely notice of appeal of the judgment.

(c)    If a Class Member who has filed a timely objection to the Settlement also files a timely notice of appeal of the judgment, then the Effective Date will be the date the appeal is dismissed or the judgment is affirmed and no longer subject to mandatory or discretionary appellate review.

B.    The Parties and their respective counsel will cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement, obtain final approval of the Settlement, protect and support the Settlement if an appeal is taken or any other form of judicial review is sought, and otherwise seek to ensure that the Effective Date occurs.

C.    Class Counsel will have the right to appeal any award of attorneys' fees, litigation expenses, or a service payment, but any such appeal, if taken, will not otherwise affect the binding nature of the Settlement, including the release of claims set forth in Section IX below.  In the event of any such appeal of an order regarding attorneys' fees, litigation expenses, or service payments, the Parties will cooperate to carry out the other terms of the Settlement that are unaffected by that appeal.

D.    If the Effective Date does not occur because the Superior Court or a reviewing court enters a final order or decision disapproving of the Settlement with prejudice, or if for other reasons it becomes certain that the Effective Date cannot occur: (1) this Agreement will be void *ab initio* and without any further force or effect; (2) any conditional certification of the Class pursuant to a preliminary approval order shall be withdrawn; (3) the First Amended Complaint filed pursuant to this Agreement shall be withdrawn; (4) the Settlement Administrator will, after deducting any settlement administration expenses incurred as of that date, return any Settlement funds in its

possession to Defendant; and (5) the Parties shall be deemed to have preserved all of their rights or defenses as of the date of this Agreement.

III.    CLASS CERTIFICATION

A.    Solely for the purpose of effectuating the Settlement, and subject to Court approval, the Parties stipulate to class certification of the following Class (the members of which are referred to as the "Class Members"):

> All individuals who, between January 31, 2016 and December 2, 2021, were enrolled in a JustAnswer membership in connection with or at the conclusion of a trial period and whose account was created with a California zip code for billing purposes, excluding individuals who (i) were enrolled in a membership after utilizing JustAnswer's services on a pay-per-question basis or (ii) received a complete refund of all amounts paid to JustAnswer. Excluded from the Class are all employees of Plaintiffs' counsel and the judicial officer(s) to whom this case is assigned.

B.    Solely for the purpose of effectuating the Settlement, the Parties stipulate to the filing of a First Amended Complaint which sets forth the foregoing definition of the Class. As part of the motion for preliminary approval, the Parties will request that the Court grant leave for the filing of the First Amended Complaint and that Defendant be deemed to have denied all material allegations of the First Amended Complaint without the necessity of filing an Answer.

C.    Solely for the purpose of effectuating the Settlement, and subject to Court approval, the Parties stipulate that the law firm of Dostart Hannink & Coveney LLP will be appointed as counsel for the Class ("Class Counsel").

D.    Solely for the purpose of effectuating the Settlement, and subject to Court approval, the Parties stipulate that Tina Sellers and Erin O'Grady will be appointed as Class Representatives.

E.    Subject to Court approval, and subject to the Parties' right to propose a different administration firm, the Parties agree that CPT Group, Inc. will be the Settlement Administrator. The Settlement Administrator will be responsible for: disseminating the Summary Class Notice; establishing and maintaining the Settlement Website; researching and updating addresses through

4

skip-traces and similar means, if and to the extent necessary; receiving and validating claims; preparing a declaration regarding its due diligence; transmitting settlement payments to Class Members; and doing such other things as the Parties or the Court may direct in order to effectuate the Settlement.

F.      Plaintiffs shall submit this Agreement to the Court along with a motion for preliminary approval of class action settlement, conditional certification of the Class, and approval of class notice (proposed forms for the emailed Summary Notice, the mailed Summary Notice, the and Long Form Notice, are attached hereto as Exhibits A, B, and C, respectively). The preliminary approval motion will also ask the Court to schedule a fairness hearing on the question of whether the proposed settlement, including payment of attorneys' fees, reimbursement of litigation expenses, and any service payments, should be finally approved as fair, reasonable, and adequate as to the Class.

IV.    SETTLEMENT CONSIDERATION

A.      Monetary Consideration.   The total gross monetary consideration to be paid by Defendant is Four Million Seven Hundred Thousand Dollars ($4,700,000.00) (the "Settlement Amount").   Defendant will pay the entire Settlement Amount to the Settlement Administrator by wire transfer no later than fourteen (14) days following the Preliminary Approval Date. The Settlement Administrator shall hold said funds in an interest-bearing account ("Settlement Fund"), to be distributed only as set forth in this Agreement. If the Settlement is not granted final Court approval for any reason, the entire remaining balance of the Settlement Fund shall be returned to Defendant. Under no circumstances shall Defendant be obligated to pay any monetary amount pursuant to this Settlement in excess of the Settlement Amount.

B.      As provided in Sections V, VI, VII, and VIII below, the Settlement Amount will be used to pay all fees and expenses associated with the Settlement including, but not limited to, Class

Counsel's attorneys' fees and litigation expenses (as approved by the Court), any service payments awarded by the Court to the Class Representatives and/or to other Class Members who provided assistance to Class Counsel, the expenses of settlement administration (including class notice), and the settlement payments to Class Members. If any funds are remaining by reason of uncashed settlement checks or otherwise, the remaining funds will be paid to one or more *cy pres* recipients proposed by the Parties and approved by the Court, unless the Court orders otherwise. Provided that the Effective Date occurs, no portion of the Settlement Amount will revert to Defendants.

        C.      <u>Injunctive Relief and Change to Business Practices</u>.  Within 60 days after the Effective Date, and for a period of at least two years thereafter, Defendant will make any changes to its membership offer materials and practices necessary to substantially comply with California Business and Professions Code §§ 17600-17606. Because this Settlement is a compromise of disputed allegations and claims, Defendant's agreement to this Section IV.C is expressly for the purposes of settlement and shall not constitute an admission or concession that any of Defendant's offer materials or practices heretofore have not been in compliance with the ARL.

V.     <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>

        Class Counsel will file a motion for an award of attorneys' fees of up to thirty-eight percent (38%) of the Settlement Amount, plus actual litigation expenses not to exceed $95,000 incurred in connection with the Action. Defendant will take no position regarding these requests, provided the requests made to the Court are consistent with this Section. As soon as practicable following the Effective Date, the Settlement Administrator will pay to Class Counsel from the Settlement Amount the attorneys' fees and litigation expenses awarded by the Court.

VI.    <u>SERVICE PAYMENTS</u>

        Class Counsel will file a motion requesting service payments to the Class Representatives and/or to other Class Members who assisted Class Counsel, not to exceed $75,000 in the aggregate.

Defendant will take no position regarding this request, provided the request made to the Court is consistent with this Section. As soon as practicable following the Effective Date, the Settlement Administrator will pay from the Settlement Amount any service payments awarded by the Court.

VII.    SETTLEMENT ADMINISTRATION

      A.    Defendant has provided to Class Counsel an Excel spreadsheet that includes (to the extent such information is available in Defendant's business records) contact information for all Class Members (the "Database"). The Database is designated as "Confidential" and shall be used solely for purposes of settlement. Class Counsel is authorized to provide the Database to the Settlement Administrator.

      B.    The Parties shall use reasonable and best efforts to ensure that no later than thirty-five (35) days following the Preliminary Approval Date, the Settlement Administrator will email the Court-approved Summary Class Notice to the last-known email address of each Class Member, as reflected in the Database. The date on which the email notice is disseminated to Class Members is referred to as the "Notice Date." The emailed Summary Class Notice will include a link to the Settlement Website (discussed below) or other suitable methodology to enable the email recipient to submit a Claim electronically.

      C.    If any emailed Summary Class Notice documents are "bounced back" as undeliverable, then within fourteen (14) days after the Notice Date, the Settlement Administrator will endeavor to obtain alternative email addresses through commercially reasonable sources and will email a copy of the Summary Class Notice to any alternative email address so obtained; or, alternatively, to the extent the Database contains mailing address information for such Class Member, the Settlement Administrator will mail a copy of the Summary Class Notice to the person's last-known mailing address, as updated by the U.S. Postal Service's National Change of Address ("NCOA") database. Class Counsel is authorized to direct the Settlement Administrator to undertake

additional steps to disseminate the Summary Class Notice. For a period of thirty (30) days following the Notice Date, if any mailed Summary Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will perform a skip-trace and/or other customary address search in an attempt to locate a valid address, and if a new address is obtained, will re-mail the Summary Class Notice to that address.

D.    No later than the Notice Date, the Settlement Administrator will establish a Settlement Website on which it will make available the First Amended Complaint, the Settlement Agreement, the order granting preliminary approval of the Settlement, the Summary Class Notice, the Long Form Class Notice, the Claim Form (in a format that may be printed), and any other materials agreed to by the Parties. The Settlement Website will include a mechanism by which individuals who receive an emailed Summary Class Notice or a mailed Summary Class Notice may submit a Claim electronically via the Settlement Website.

E.    If anyone contacts the Settlement Administrator to request a claim form, the Settlement Administrator will provide that person with a Claim Form substantially in the form of Exhibit D.

F.    The date that is sixty (60) days after the Notice Date shall be referred to as the "Claim/Exclusion/Objection Deadline."

G.    In order to receive a share of the Settlement Amount, Class Members must file a timely Claim, either electronically via the Settlement Website or a Claim Form, and that Claim must be validated by the Settlement Administrator.

1.    Completed Claims that are timely submitted electronically through the Settlement Website by individuals to whom the emailed or mailed Summary Class Notice was sent will be deemed valid.

2.      Completed Claims that are submitted in the form of a Claim Form will be deemed valid if the claimant's email address, mailing address, and/or telephone number match information in the Database. Any Claim Form must be completed and signed by the claimant.

H.      To be timely, the Claim must be returned to the Settlement Administrator no later than the Claim/Exclusion/Objection Deadline. If the Claim is returned via the Settlement Website, the date of return will be the date of submission through the Settlement Website. If the Claim is returned by U.S. Mail, the date of return will be the date of postmark. If the Claim is returned by personal delivery or email, the date of return will be the date the Claim is received by the Settlement Administrator. Class Counsel in their discretion may direct the Settlement Administrator to treat as timely a Claim received by the Settlement Administrator after the Claim/Objection/Exclusion Deadline and before the Final Approval Hearing.

I.      If the Settlement Administrator disallows a Claim based on a deficiency that can be cured (such as the failure to sign the Claim Form), the Settlement Administrator may either waive the deficiency or notify the claimant by postcard of the reason for the disallowance and invite the claimant to cure the deficiency. The Settlement Administrator will consider any additional information or corrective action by the claimant so long as the additional information or corrective action is submitted within twenty-one (21) days after the mailing of the notice of deficiency. Class Counsel shall be kept apprised of the volume and nature of deficient claims.

J.      In the event multiple or conflicting claims are submitted with respect to the same transaction, then subject to any order the Court may make, the Settlement Administrator shall have authority to resolve the issue as between the claimants.

K.      Unless otherwise ordered by the Court, the Settlement Administrator's decision regarding the validity of any Claim will be final and not subject to review or appeal.

L.      Any Class Member who wishes to be excluded from the Settlement must complete and return a request for exclusion via U.S. Mail, email, or personal delivery, and that request for exclusion must be validated by the Settlement Administrator as provided in this section. The request for exclusion must be in writing, must list the Class Member's name, mailing address, email address, and telephone number, along with the statement "I wish to be excluded from the *Sellers v. JustAnswer LLC* Settlement" or words to that effect. Any request for exclusion must be personally signed by each person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be timely, the request for exclusion must be returned to the Settlement Administrator no later than the Claim/Exclusion/Objection Deadline. If the request for exclusion is returned by U.S. Mail, the date of return will be the date of the postmark. If the request for exclusion is returned by personal delivery or email, the date of return will be the date the request for exclusion is received by the Settlement Administrator. Those Class Members who submit timely requests for exclusion will be referred to as Excluded Class Members. Excluded Class Members will not receive any consideration under the Settlement and will not be bound by any provision of the Settlement. Requests for exclusion shall be sent by regular mail, electronic mail, or hand-delivery to the Settlement Administrator, as follows: Sellers v. JustAnswer LLC Settlement Administrator, c/o CPT Group, 50 Corporate Park, Irvine, California 92606; email: _____.

M.      Any Class Member who wishes to object to the Settlement may do so either orally or in writing. To object to the Settlement in writing, a Class Member must file a written objection with the Court and serve copies of the objection on Class Counsel, Defendant's counsel, and the Settlement Administrator, no later than the Claim/Exclusion/Objection Deadline. Any written objection must set forth the name of the lawsuit (*Sellers v. JustAnswer LLC*, Case No. 37-2020-00005869-CU-BT-CTL), the Class Member's name, mailing address, email address, and telephone number, and the following statement: "I declare under penalty of perjury that, to the best of my

10

knowledge, between January 31, 2016 and December 2, 2021, I was charged for JustAnswer's membership program at the conclusion of a trial period, and I wish to object to the Settlement." Any written objection must also state the factual and legal basis for the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation of submission of the objection or who may profit from the pursuit of the objection; and a statement indicating whether the objector intends to appear at the Final Approval Hearing. Any documents that the objecting Class Member wishes for the Court to consider must also be attached to the objection. Any written objection must be filed with the Court and served by mail as follows: (1) to the Settlement Administrator, at Sellers v. JustAnswer LLC Settlement Administrator, c/o CPT Group, 50 Corporate Park, Irvine, California 92606; (2) to Defendant's counsel, Randolph Gaw, GAW | POE LLP, 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111; and (3) to Class Counsel, Zach P. Dostart, Dostart Hannink & Coveney LLP, 4180 La Jolla Village Drive, Suite 530, La Jolla, California 92037. The Settlement Administrator will promptly compare the information submitted by the objector against the Database and advise Class Counsel and Defendant's counsel whether it appears that the objector is in fact a Class Member. Class Counsel and Defendant may respond to any written objections, as appropriate, either in briefs filed in advance of the Final Approval Hearing or at the Final Approval Hearing. Alternatively, any Class Member may present an objection to the Court orally at the Final Approval Hearing.

N.    No later than ten (10) court days following the Claim/Exclusion/Objection Deadline, the Settlement Administrator will make available to Class Counsel and Defendant's counsel a written report listing the name and contact information of each Excluded Class Member and any Class Member who has objected to the Settlement.

O.    Class Members who submit timely Claims that are validated by the Settlement Administrator are referred to as the "Participating Class Members." Only Participating Class

Members will be entitled to receive settlement payments under the Settlement, in accordance with Section VIII, below.

VIII.   SETTLEMENT PAYMENTS

A.      Each Participating Class Member will receive an equal, pro-rata portion of the Net Settlement Amount, unless otherwise ordered by the Court. The "Net Settlement Amount" is the Settlement Amount (plus any accrued interest thereon) reduced by any sums awarded by the Court for attorneys' fees, litigation expenses, service payments to the Class Representatives and/or other Class Members who assisted Class Counsel in connection with the Action, and all expenses of settlement administration (including expenses previously incurred and the Settlement Administrator's good faith estimate of future expenses to be incurred). The share of each Participating Class Member shall be computed by dividing the Net Settlement Amount by the number of Participating Class Members. There will be no cap on the settlement payment that a Class Member may receive.

B.      As soon as practicable after the Effective Date, the Settlement Administrator will transmit to each Participating Class Member that person's settlement payment, which may be in the form of a check or an electronic payment such as Venmo, direct deposit/ACH, or PayPal. The settlement payment will be accompanied by a statement that the Participating Class Member should consult his or her tax advisor regarding the tax consequences of the settlement payment. In the event any check is returned to the Settlement Administrator as undeliverable, or in the event any electronic payment is unable to be processed, the Settlement Administrator will attempt to contact the Participating Class Member by telephone or email or perform a skip trace to attempt to locate a current address or other relevant information necessary to re-issue payment. Any payment instrument not negotiated within ninety (90) days of its mailing or other transmission by the Settlement Administrator will be void. Any portion of the Settlement Amount, including accrued

interest, that remains unpaid at the end of such ninety-day period will be paid to one or more *cy pres* recipients mutually proposed by the Parties and approved by the Court, unless the Court orders otherwise.

IX.    <u>RELEASE OF CLAIMS</u>

Following the Effective Date and provided that Defendant has paid the full Settlement Amount, Sellers, O'Grady, and all Class Members who have not timely requested exclusion from the Settlement (collectively, the "Releasing Parties"), shall be deemed to release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below). For purposes of this paragraph, "Released Parties" means JustAnswer LLC and any of its past or present parents, subsidiaries, affiliated companies, and corporations, and any of their past or present officers, directors, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, or assigns. For purposes of this paragraph, "Released Claims" means any and all causes of action or claims for relief, including but not limited to injunctive relief, actual damages, nominal damages, statutory damages, punitive damages, restitution, disgorgement, attorneys' fees and costs, and/or any other form of monetary consideration whatsoever, for any and all claims by the Class Members that have been pled in this Action, or that could have been pled in the Action, that relate to or arise from charges associated with enrollment in Defendant's automatically renewing membership program (including a trial period) from January 31, 2016 to December 2, 2021. The release will take effect immediately upon the Effective Date, provided that Defendant has paid the full Settlement Amount.

X.    <u>MISCELLANEOUS</u>

A.    The Settlement represents a compromise of disputed claims. Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Defendant.

B.    This Agreement may be modified only by a writing signed by the Parties or their respective successors in interest.

C.    This Agreement, including its exhibits, constitutes the entire agreement between the Parties concerning the subject matter hereof. This Agreement and exhibits will be construed as a whole, and with reference to one another, according to their fair meaning and intent. The Parties agree that the rule of construction that ambiguities in agreements must be construed against the drafting party will not apply in interpreting this Agreement or its exhibits.

D.    The Parties hereby agree to do such things and to execute such other and further documents, writings and/or instruments as may be necessary or convenient to the performance of this Agreement and/or to assure that its intent, purposes, and/or objects shall be fully and completely carried out. It is the intention of the Parties to comply in all respects with the requirements of California law and with any local rule of the Court with respect to this Settlement Agreement, the procedure for obtaining court approval, and the procedure for implementing the Settlement. If the Court or any appellate court denies or conditions the grant of preliminary or final approval on a rejection or modification of any provision of this Agreement other than the dollar amount of aggregate monetary consideration to be paid by Defendant set forth in Section IV.A, the Parties agree to negotiate in good faith to modify the Agreement to the extent necessary to conform to the Court's order or condition, in which case the remainder of the Agreement shall remain in full force and effect.

E.    The Parties have been represented by independent counsel of their own choice, and the Settlement and releases referred to herein are an arm's-length transaction.

F.    Each individual signing this Agreement warrants that he or she has the authority to sign the Agreement on behalf of the Party for which he or she signs. Defendant warrants that it has

obtained all necessary authorizations under its organizational documents and under law to make this Agreement binding on Defendant.

G.      The Parties agree that this Agreement, and any and all disputes that arise from or in any way relate to this Agreement, will be governed and interpreted and enforced in accordance with the laws of the State of California, but without regard to its law concerning conflict of laws.

H.      This Agreement may be executed in counterparts. Any signature made and transmitted electronically shall be deemed an original signature for purposes of this Agreement, and shall be binding upon the Party transmitting such electronic signature.

I.      Except as otherwise specifically provided for herein, each Party will bear its own attorneys' fees, costs and expenses in relation to the Action.

J.      The Superior Court of the State of California, County of San Diego, will retain continuing jurisdiction to interpret and enforce this Agreement pursuant to Code of Civil Procedure § 664.6.

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _____3/24/2022_____        DocuSigned by:
                                        _Tina J. Sellers_____
                                        84AC3286A0DD4B1...
                                        TINA SELLERS

Dated: _____        _____
                                        ERIN O'GRADY

Dated: ____03 / 25 / 2022____        JUSTANSWER LLC

                                        _____
                                        Name: Andy Kurtzig
                                        Title: Chief Executive Officer

obtained all necessary authorizations under its organizational documents and under law to make this Agreement binding on Defendant.

G.    The Parties agree that this Agreement, and any and all disputes that arise from or in any way relate to this Agreement, will be governed and interpreted and enforced in accordance with the laws of the State of California, but without regard to its law concerning conflict of laws.

H.    This Agreement may be executed in counterparts. Any signature made and transmitted electronically shall be deemed an original signature for purposes of this Agreement, and shall be binding upon the Party transmitting such electronic signature.

I.    Except as otherwise specifically provided for herein, each Party will bear its own attorneys' fees, costs and expenses in relation to the Action.

J.    The Superior Court of the State of California, County of San Diego, will retain continuing jurisdiction to interpret and enforce this Agreement pursuant to Code of Civil Procedure § 664.6.

IN WITNESS WHEREOF, the Parties accept and agree to this Agreement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _____          _____
                                        TINA SELLERS

Dated: ___3/24/2022___                  _____
                                        ERIN O'GRADY

Dated: ___03 / 25 / 2022___             JUSTANSWER LLC

                                        _____
                                        Name: Andy Kurtzig
                                        Title:  Chief Executive Officer

15

APPROVED AS TO FORM:

Dated: March 24, 2022                         DOSTART HANNINK & COVENEY LLP

                                              _____
                                              ZACH P. DOSTART
                                              Attorneys for Plaintiffs

Dated: March 24, 2022                         GAW | POE LLP

                                              _____
                                              Randolph Gaw
                                              Attorneys for Defendant

967409.4

16

Doc ID: 517c23f2281a3a97fe653cdc25e88f5b258b6848

Exhibit A

**IF YOU WERE ENROLLED IN AN AUTOMATICALLY RENEWING
MEMBERSHIP BY JUSTANSWER LLC,
YOU MAY BE ENTITLED TO COMPENSATION**

Summary Notice of Class Action Settlement
*Sellers, et al. v. JustAnswer LLC*
San Diego County Superior Court, Case No. 37-2020-00005869-CU-BT-CTL

What is the Lawsuit about? Defendant JustAnswer LLC ("JustAnswer" or "Defendant") operates a website and an app that enable consumers to submit questions to, and obtain answers from, "experts" in a variety of fields. The Lawsuit alleges that, in connection with trial subscriptions, JustAnswer enrolled certain California consumers in an automatically renewing membership program, and posted charges to the consumer's credit card, debit card, or third party payment account, without first presenting the consumer with all of the automatic renewal offer terms in a clear and conspicuous manner as required by law. JustAnswer denies the claims in the Lawsuit, and the Court has not decided which party is right. The parties have agreed to a Settlement to provide certain benefits to eligible Class Members and to resolve the case without any admission of liability or wrongdoing.

Am I a Class Member? Based on the business records of Defendant, between January 31, 2016 and December 2, 2021, the addressee of this Summary Class Notice was enrolled in a JustAnswer membership in connection with or at the conclusion of a trial period, created the account with a California zip code, and has not received a complete refund of all amounts paid to JustAnswer, and therefore has the right to participate in the Settlement.

What relief does the Settlement provide?  Defendant has agreed to pay the principal Settlement Amount of Four Million Seven Hundred Thousand Dollars ($4,700,000.00) ("Settlement Amount"). If the Court grants final approval of the Settlement, each Participating Class Member will receive an equal, pro-rata share of the Net Settlement Amount. The "Net Settlement Amount" is the Settlement Amount reduced by any sums awarded by the Court for attorneys' fees, litigation expenses, any service payments to the Class Representatives and/or other Class Members who assisted Class Counsel, and expenses of settlement administration. The Settlement also provides for injunctive relief.

What are my options? If you want to participate in the Settlement, you must submit a timely Claim to the Settlement Administrator on or before <<Date>>, which must be validated by the Settlement Administrator. You may submit a Claim through the settlement Website, _____, which can be accessed through the following link: _____.

If you do not want to be legally bound by the Settlement, you must exclude yourself by <<Date>>. If you exclude yourself from the Settlement, you will not receive any money from the Settlement, but you will retain whatever legal rights you may have against Defendant. Any judgment entered by the Court will bind all Class Members who do not request exclusion. If you stay in the Settlement, you may object to it by <<Date>>. The Long Form Class Notice, which is available on the Settlement Website, explains how to exclude yourself or object. If you do not request to be excluded from the Class, you may, if you so desire, enter an appearance through counsel. The Court will hold a hearing on <<Date>> to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for attorneys' fees and costs, and for service awards to the class representatives and/or other class members who assisted Class Counsel. You may ask to appear at the hearing, but you don't have to.

More information? For complete information about the Settlement and its terms, to view the Long Form Class Notice, Settlement Agreement, related Court documents, and to learn more about how to exercise your various options under the Settlement, including how to submit a Claim, go to _____. You may also email the Settlement Administrator at _____ or call 1-800-xxx-xxxx.

Exhibit B

***Sellers, et al. v. JustAnswer LLC***
*c/o CPT Group, Inc.*
*50 Corporate Park*
*Irvine, CA 92606*

PRESORTED
First Class
U.S. Postage
PAID

CPT ID: <ID>
<Name>
<Address1> <Address2>
<City>, <State>, <Zip>

**IF YOU WERE ENROLLED IN AN AUTOMATICALLY RENEWING
MEMBERSHIP BY JUSTANSWER LLC,
YOU MAY BE ENTITLED TO COMPENSATION**

Summary Notice of Class Action Settlement
*Sellers, et al. v. JustAnswer LLC*
San Diego County Superior Court, Case No. 37-2020-00005869-CU-BT-CTL

**What is the Lawsuit about?** Defendant JustAnswer LLC ("JustAnswer" or "Defendant") operates a website and an app that enable consumers to submit questions to, and obtain answers from, "experts" in a variety of fields. The Lawsuit alleges that, in connection with trial subscriptions, JustAnswer enrolled certain California consumers in automatically renewing membership programs, and posted charges to the consumer's credit card, debit card, or third party payment account, without first presenting the consumer with all of the automatic renewal offer terms in a clear and conspicuous manner as required by law. JustAnswer denies the claims in the Lawsuit, and the Court has not decided which party is right. The parties have agreed to a Settlement to provide certain benefits to eligible Class Members and to resolve the case without any admission of liability or wrongdoing.

**Am I a Class Member?** Based on the business records of Defendant, between January 31, 2016 and December 2, 2021, the addressee of this Summary Class Notice was enrolled in a JustAnswer membership in connection with or at the conclusion of a trial period, created the account with a California zip code, and has not received a complete refund of all amounts paid to JustAnswer, and therefore has the right to participate in the Settlement.

**What relief does the Settlement provide?** Defendant has agreed to pay the principal Settlement Amount of Four Million Seven Hundred Thousand Dollars ($4,700,000.00) ("Settlement Amount"). If the Court grants final approval of the Settlement, each Participating Class Member will receive an equal, pro-rata share of the Net Settlement Amount. The "Net Settlement Amount" is the Settlement Amount reduced by any sums awarded by the Court for attorneys' fees, litigation expenses, any service payments to the Class Representatives and/or other Class Members who assisted Class Counsel, and expenses of settlement administration. The Settlement also provides for injunctive relief.

**What are my options?** If you want to participate in the Settlement, you must submit a timely Claim to the Settlement Administrator on or before <<Date>> , which must be validated by the Settlement Administrator. You may submit a Claim through the settlement Website, _____.

If you do not want to be legally bound by the Settlement, you must exclude yourself by <<Date>> . If you exclude yourself from the Settlement, you will not receive any money from the Settlement, but you will retain whatever legal rights you may have against Defendant. Any judgment entered by the Court will bind all Class Members who do not request exclusion. If you stay in the Settlement, you may object to it by <<Date>> . The Long Form Class Notice, which is available on the Settlement Website, explains how to exclude yourself or object. If you do not request to be excluded from the Class, you may, if you so desire, enter an appearance through counsel. The Court will hold a hearing on <<Date>> to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for attorneys' fees and costs, and for service awards to the class representatives and/or other class members who assisted Class Counsel. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement and its terms, to view the Long Form Class Notice, Settlement Agreement, related Court documents, and to learn more about how to exercise your various options under the Settlement, including how to submit a Claim, go to _____. You may also email the Settlement Administrator at _____ or call 1-800-xxx-xxxx.

Exhibit C

**IF YOU WERE ENROLLED IN AN AUTOMATICALLY RENEWING
MEMBERSHIP PROGRAM BY JUSTANSWER LLC,
YOU MAY BE ENTITLED TO COMPENSATION**

**<u>NOTICE OF CLASS ACTION SETTLEMENT</u>**

*Sellers, et al. v. JustAnswer LLC*
San Diego County Superior Court
Case No. 37-2020-00005869-CU-BT-CTL

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE CONTAINS
IMPORTANT INFORMATION ABOUT A PROPOSED CLASS ACTION
SETTLEMENT. YOUR RIGHTS MAY BE AFFECTED BY THIS SETTLEMENT.**

The purpose of this Notice is to inform Class Members about a proposed settlement ("Settlement") of a class action lawsuit that is pending in the San Diego County Superior Court (the "Court"). The lawsuit is called *Sellers, et al. v. JustAnswer LLC*, Case No. 37-2020-00005869-CU-BT-CTL (the "Lawsuit").

This Notice will explain: (1) what the Lawsuit is about; (2) the main terms of the Settlement; and (3) Class Members' rights and options under the Settlement. A full version of the Settlement Agreement is available on the Website: ▓▓▓▓▓▓▓▓.

**To receive money under the Settlement, Class Members must submit a timely and valid Claim. The deadline to submit a Claim is <<Date>>. If you do not submit a Claim by this deadline, you will not receive money under the Settlement and you will be subject to the Release in Section IV, unless you exclude yourself pursuant to Section II.4.**

**I.    <u>What the Litigation Is About</u>**

Defendant JustAnswer LLC ("JustAnswer" or "Defendant") operates a website and an app that enable consumers to submit questions to, and obtain answers from, "experts" in a variety of fields. The Lawsuit alleges that, in connection with trial subscriptions, JustAnswer enrolled certain California consumers in an automatically renewing membership program, and posted charges to the consumers' credit card, debit card, or third party payment accounts, without first presenting the consumer with all of the automatic renewal offer terms in a clear and conspicuous manner as required by law. The Lawsuit alleges that Defendant has violated the California Automatic Renewal Law, Bus. & Prof. Code § 17600 *et seq*., and certain other provisions of California consumer protection law. The Lawsuit is brought on behalf of a class defined as follows:

> All individuals who, between January 31, 2016 and December 2, 2021, were enrolled in a JustAnswer membership in connection with or at the conclusion of a trial period and whose account was created with a California zip code for billing purposes, excluding individuals who (i) were enrolled in a membership after utilizing JustAnswer's services on a pay-per-question basis or (ii) received a complete refund of all amounts paid to JustAnswer. Excluded from the Class are all employees of Plaintiffs' counsel and the judicial officer(s) to whom this case is assigned.

Each individual within the foregoing Class definition is referred to as a "Class Member."

The parties have exchanged detailed information about the claims, defenses, and alleged damages in the Lawsuit. The parties have reached a proposed Settlement that, if approved by the Court, will resolve the claims asserted against Defendant. Plaintiffs and their counsel believe the Settlement is fair, reasonable, and in the best interests of the Class Members. In entering into the Settlement, Defendant continues to deny any and all allegations of liability, fault, or wrongdoing asserted in the Lawsuit.

On _____, 2022, the Court preliminarily approved the Settlement; certified the Class for settlement purposes only; appointed the law firm of Dostart Hannink & Coveney LLP as Class Counsel for settlement purposes only; appointed Tina Sellers and Erin O'Grady as the Class Representatives for settlement purposes only; designated CPT Group, Inc. as the Settlement Administrator; and authorized the parties to provide this Notice to the Class.

## II.    **The Main Terms of the Settlement**

Subject to Court approval, the main terms of the Settlement are as follows:

1.    Settlement Amount.  In full and complete settlement of the claims of the Class Members who do not exclude themselves, Defendant will pay the principal amount of Four Million Seven Hundred Thousand Dollars ($4,700,000.00) (the "Settlement Amount"). The Settlement Amount, plus any interest thereon, will be used to pay Class Counsel's attorneys' fees and litigation expenses (as approved by the Court), any service payments that the Court may award to the Class Representatives and/or to other Class Members who assisted Class Counsel, the expenses of settlement administration (including class notice), and the settlement payments to the Class Members who submit timely and valid Claims. If any funds are remaining by reason of uncashed settlement checks or otherwise, the remaining amount will be paid to one or more *cy pres* recipients approved by the Court, or as otherwise directed by the Court. In addition to the monetary consideration, the Settlement also includes injunctive relief.

2.    Notice to Class Members.  No later than thirty-five (35) days following the Preliminary Approval Date, the Settlement Administrator will email the Court-approved Summary Class Notice to the email address of each potential Class Member, as reflected in the business records of Defendant. The date on which the Summary Class Notice is emailed as set forth above is referred to as the "Notice Date." If the email notice is "bounced back" as undeliverable so as to indicate that the email address is no longer valid, the Settlement Administrator will endeavor to obtain alternative email addresses through commercially reasonable sources and will email a copy of the Summary Class Notice to any alternative email address so obtained; or, alternatively, to the extent Defendant's business records contains mailing address information for such Class Member, the Settlement Administrator will mail a copy of the Summary Class Notice to the person's last-known mailing address, as updated by the U.S. Postal Service's National Change of Address database.

3.    Submission of Claims; Eligibility for Payment.  In order to qualify to receive a payment under the Settlement, Class Members must submit a Claim that is both (i) timely and (ii) validated by the Settlement Administrator. To be timely, the Claim must be submitted to the Settlement Administrator on or before _____ (the "Claim/Exclusion/Objection Deadline"). See Section III.1., on the next page, regarding how to file a Claim. Class Members who submit a timely and valid Claim on or before the Claim/Exclusion/Objection deadline will be referred to as "Participating Class Members" and, if the Settlement is granted final approval by the Court, will be entitled to receive a settlement payment in accordance with the terms of the Settlement.

4.    <u>Right to Request Exclusion or Object</u>.  Any Class Member who does not want to be legally bound by the Settlement can exclude himself or herself on or before the Claim/Exclusion/Objection Deadline, as described below in Section III.3. Any Class Member who wishes to object to the Settlement may do so either orally or in writing. Any written objection must be filed with the Court and served on Counsel for the settling parties and on the Settlement Administrator no later than the Claim/Exclusion/Objection Deadline, as described below in Section III.4. Alternatively, an objection may be presented to the Court orally at the final approval hearing. Any Class Member who does not request to be excluded from the Class may, if so desired, enter an appearance through counsel.

5.    <u>Settlement Payments to Participating Class Members</u>.  If the Settlement is granted final approval, unless the Court orders otherwise, after deduction of any Court-approved attorneys' fees, litigation expenses, service payments to the Class Representatives and/or other Class Members who assisted Class Counsel, and expenses of settlement administration, the remaining amount ("Net Settlement Amount") will be divided equally between the Participating Class Members. As soon as practicable after the Effective Date of the Settlement, the Settlement Administrator will transmit to each Participating Class Member that person's settlement payment.

6.    <u>Attorneys' Fees and Litigation Expenses</u>.  Class Counsel will file a motion for an award of attorneys' fees of up to 38% of the Settlement Amount, plus actual litigation expenses not exceeding $95,000. Defendant will take no position regarding these requests, provided the requests made to the Court are consistent with this Section. As soon as practicable following the Effective Date, the Settlement Administrator will pay to Class Counsel from the Settlement Amount the attorneys' fees and litigation expenses awarded by the Court.

7.    <u>Service Payments</u>.  Class Counsel will file a motion requesting service payments to the Class Representative and/or other Class Members who assisted Class Counsel, not to exceed $75,000 in the aggregate. Defendant will take no position regarding this request, provided the request made to the Court is consistent with this Section. As soon as practicable following the Effective Date, the Settlement Administrator will pay from the Settlement Amount any service payments awarded by the Court.

8.    <u>Release</u>.  Class Members who do not exclude themselves from the Settlement will be deemed to release all of the claims described in Section IV below.

## III.    <u>Class Members' Rights and Options Under the Settlement</u>

Class Members have four options under the Settlement. If you are a Class Member, you may: (1) file a Claim, which if submitted timely and validated by the Settlement Administrator, will qualify you as a Participating Class Member entitled to receive a monetary payment following final court approval; (2) do nothing, in which case you will not be a Participating Class Member and you will not qualify to receive a monetary payment, but you will be bound by the release in the Settlement Agreement; (3) exclude yourself from the Settlement; or (4) object to the Settlement. The following paragraphs explain these options in more detail.

1.    <u>File a Claim</u>.  To potentially qualify for a monetary payment from the Settlement, potential Class Members must file a Claim.

(a)    Class Members whose email address and/or mailing address information is reflected in the business records produced by Defendant are being sent a Court-approved Summary Class Notice via email or mail, which includes a hyperlink to the Settlement Website or other information which enables those Class Members to submit a Claim electronically via the Settlement Website. <u>The deadline for submitting a Claim is</u> _____. If you miss this

deadline, you will not receive any money under the Settlement, but you will be bound by the other terms of the Settlement if you do not request exclusion from the Settlement.

(b)     Potential Class Members may print a Claim Form from the Settlement Website or request a Claim Form from the Settlement Administrator. A printed Claim Form must be completed, dated by the Claimant, signed by the Claimant, and returned to the Settlement Administrator via U.S. Mail, personal delivery, or email. Upon receipt of a Claim Form, the Settlement Administrator will verify whether the Claimant is a member of the Class by comparing the information provided on Claim Form against the records of Defendant. The deadline for submitting a Claim is _____. If you miss this deadline, you will not receive any money under the Settlement, but you will be bound by the other terms of the Settlement if you do not request exclusion from the Settlement. If you submit a Claim that is timely and that is validated by the Settlement Administrator, you will be a Participating Class Member and, if the Settlement is given final court approval, you will be entitled to receive a settlement payment in accordance with the terms of the Settlement.

2.     Do Nothing.  If you do nothing, you will not be a Participating Class Member and you will not qualify to receive a monetary payment, but you will be bound by the release in the Settlement Agreement.

3.     To Be Excluded From the Settlement.  Any Class Member who wishes to be excluded from the Settlement must complete and return a request for exclusion via U.S. Mail, email, or personal delivery, and that request for exclusion must be validated by the Settlement Administrator. The request for exclusion must be in writing, and must list the Class Member's name, mailing address, email address, and telephone number, along with the statement: "I wish to be excluded from the *Sellers v. JustAnswer LLC* Settlement" or words to that effect. Any request for exclusion must be personally signed by each person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be timely, the request for exclusion must be returned to the Settlement Administrator no later than _____. If the request for exclusion is returned by U.S. Mail, the date of return will be the date of the postmark. If the request for exclusion is returned by personal delivery or email, the date of return will be the date the request for exclusion is received by the Settlement Administrator. Those Class Members who submit timely and valid requests for exclusion in the form described above will be referred to as "Excluded Class Members." Excluded Class Members will not receive any consideration under the Settlement and will not be bound by any provision of the Settlement. Requests for exclusion can be mailed or delivered to the Settlement Administrator, as follows: Sellers v. JustAnswer LLC Settlement Administrator, c/o CPT Group, Inc., 50 Corporate Park, Irvine, CA 92606; email: _____. A judgment in the action will bind all Class Members who do not timely request exclusion. Any Class Member may enter an appearance through counsel. **You may not submit both a Claim Form and a letter requesting to be excluded from this Settlement.**

4.     To Object to the Settlement.  Any Class Member who wishes to object to the Settlement may do so orally or in writing. Any written objection must be filed with the Court and served on Class Counsel, Defendant's counsel, and the Settlement Administrator, no later than _____. Any written objection must set forth the name of the lawsuit (*Sellers v. JustAnswer LLC*, Case No. 37-2020-00005869-CU-BT-CTL), the Class Member's name, mailing address, email address, and telephone number, and the following statement: "I declare under penalty of perjury that, to the best of my knowledge, between January 31, 2016 and December 2, 2021, I was charged for JustAnswer's membership program at the conclusion of a trial period, and I wish to object to the Settlement." Any written objection must also state the factual and legal basis for the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation of submission of the

objection or who may profit from the pursuit of the objection; and a statement indicating whether the objector intends to appear at the Final Approval Hearing. Any documents that the objecting Class Member wishes for the Court to consider must also be attached to the objection. Any written objection must be filed with the Court and served by mail as follows: (1) to the Settlement Administrator, at Sellers v. JustAnswer LLC Settlement Administrator, c/o CPT Group, 50 Corporate Park, Irvine, California 92606; (2) to Defendant's counsel, Randolph Gaw, GAW | POE LLP, 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111; and (3) to Class Counsel, Zach P. Dostart, Dostart Hannink & Coveney LLP, 4180 La Jolla Village Drive, Suite 530, La Jolla, California 92037. The Settlement Administrator will promptly compare the information submitted by the objector against the Class List and advise Class Counsel and Defendant's counsel whether it appears that the objector is in fact a Class Member. Class Counsel and Defendant may respond to any written objections, as appropriate, either in briefs filed in advance of the Final Approval Hearing or at the Final Approval Hearing. Alternatively, any Class Member may present an objection to the Court orally at the Final Approval Hearing. If you intend to object to the Settlement but also wish to receive a share of the Settlement if it is approved by the Court, you must also submit a timely and valid Claim Form as explained above. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees and expenses.

## IV.    Release of Claims by Class Members

If the Settlement is approved by the Court and becomes effective, and provided that Defendant has paid the Settlement Amount in full, all Class Members who have not timely requested exclusion from the Settlement (collectively, the "Releasing Parties"), shall be deemed to release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims (as defined below). For purposes of this paragraph, "Released Parties" means JustAnswer LLC and any of its past or present parents, subsidiaries, affiliated companies, and corporations, and any of their past or present officers, directors, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, or assigns. For purposes of this paragraph, "Released Claims" means any and all causes of action or claims for relief, including but not limited to injunctive relief, actual damages, nominal damages, statutory damages, punitive damages, restitution, disgorgement, attorneys' fees and costs, and/or any other form of monetary consideration whatsoever, for any and all claims by the Class Members that have been pled in this Action, or that could have been pled in the Action, that relate to or arise from charges associated with enrollment in Defendant's automatically renewing membership program (including a trial period) from January 31, 2016 to December 2, 2021. The release will take effect immediately upon the Effective Date, provided that Defendant has paid the full Settlement Amount.

## V.    Final Approval Hearing

The Court will hold a hearing on _____, at _____ .m. to determine whether the Settlement should be finally approved and to rule on Class Counsel's motion for award of attorneys' fees, reimbursement of litigation expenses, and service payments. The Court is located at 330 West Broadway, Department 66, San Diego, CA 92101. Pursuant to court procedures implemented in response to COVID-19, the Court may conduct this hearing remotely via video or audio conference using the free Microsoft Teams App. Persons interested in attending or participating in the hearing should consult the Court's website, https://www.sdcourt.ca.gov/sdcourt/civil2/civilvirtualhearings, for further information. The hearing may be continued without further notice by email or mail. **YOU ARE NOT REQUIRED TO ATTEND THE HEARING, BUT YOU MAY IF YOU CHOOSE.**

## VI.    **For More Information**

       This Notice contains only a summary of the terms of the proposed Settlement. You may view the Settlement Agreement and other important documents on the Settlement Website. You may also review the pleadings and other papers filed in the Lawsuit at the Court's Business Office, located at 330 West Broadway, San Diego, CA 92101.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE.**

       If you have questions about the Settlement, please contact the Settlement Administrator or Class Counsel, as follows:

| | |
|---|---|
| Settlement Administrator | Class Counsel |
| Sellers v. JustAnswer LLC | Dostart Hannink & Coveney LLP |
| Settlement Administrator | 4180 La Jolla Village Dr., Ste. 530 |
| c/o CPT Group, Inc. | La Jolla, CA 92037 |
| 50 Corporate Park | Tel: (858) 623-4265 |
| Irvine, CA 92606 | Email: cklobucar@sdlaw.com |
| Tel: ▓▓▓▓▓▓▓▓▓▓ | |
| Email: ▓▓▓▓▓▓▓▓▓ | |

Exhibit D

# CLAIM FORM

*Sellers, et al. v. JustAnswer LLC*
San Diego County Superior Court
Case No. 37-2020-00005869-CU-BT-CTL

**Instructions**:  Class Members may submit a Claim either electronically through the Settlement Website, or in writing. To make a Claim under the Settlement in writing, you must fill out this Claim Form completely and return it to the Settlement Administrator. If you submit a Claim via the Settlement Website, you do not need to fill out this form.

The deadline for submitting your Claim is <<DATE>>. Please send your Claim Form by U.S. Mail, personal delivery, or email to the Settlement Administrator:

> Sellers v. JustAnswer LLC Settlement Administrator
> c/o CPT Group, Inc.
> 50 Corporate Park
> Irvine, CA 92606
> Email: _____@cptgroup.com

If you return the Claim Form via U.S. Mail or a delivery service, it is highly recommended that you use a method by which you can prove the Claim Form was delivered to the Settlement Administrator. The parties, counsel for the parties, and the Settlement Administrator are <u>not</u> responsible for lost or undelivered mail.

Upon receipt of your Claim Form, the Settlement Administrator will determine whether you are a member of the Class based on information provided by Defendant.

***If you received a Summary Class Notice via email or U.S. Mail that has a CPT Identification Number ("CPT ID"), please enter it here***: _____.

## CURRENT PERSONAL INFORMATION:

Name (first, middle, last): _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

**FORMER PERSONAL INFORMATION:**

If in connection with a JustAnswer membership between January 31, 2016 and December 2, 2021, you used any **different** name, address, or email address other than as stated above, please enter such different information below:

Name (first, middle, last): _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____


**SETTLEMENT COMPENSATION:**

In the event your claim is determined to be valid, select the method by which you would like to receive the payment.

Please select only one:

☐ Paper Check - *Please confirm the mailing address you entered above on page 1 is the correct address at which you can receive the check.*

☐ Electronic Payment - *Please confirm the email address you entered above on page 1 is the correct e-mail address to receive notification of your payment.*

☐ Direct Deposit/ACH

☐ Venmo

☐ Direct credit to my PayPal account

**AFFIRMATION**

I affirm that, to the best of my knowledge, while I was a California resident, between January 31, 2016 and December 2, 2021, I was enrolled in a JustAnswer membership in connection with or at the conclusion of a trial period and I have not received a complete refund.

Date: _____          Signature: _____

2