UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA QUAMINA, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JUSTANSWER LLC,<br><br>   Defendant. | Case No. 22-cv-06051-JD<br><br>**ORDER RE ARBITRATION** |

In this putative class action, named plaintiffs Jessica Quamina, Tasha Davis, Kristie Nelson, Kseniya Godun, Moya McDowell, Renee Pettit, and Latoya Foust, allege that they were enrolled without their consent in recurring paid subscriptions for a website and mobile app operated by defendant JustAnswer, LLC. Dkt. No. 1. JustAnswer asks to send the case to arbitration pursuant to the Federal Arbitration Act (FAA) and an arbitration clause in JustAnswer's Terms of Service (TOS). Dkt. No. 26. Plaintiffs oppose arbitration primarily on formation grounds, with additional objections about unconscionability and fraud. Dkt. No. 31.

The background of this litigation is straightforward. As alleged in the complaint, JustAnswer operates a website and mobile app where users can pay a fee to ask questions of "experts" about legal, medical, financial, technical, and other topics. Dkt. No. 1 ¶ 1. Plaintiffs say they agreed to pay $1.00 to $5.00 to pose a question but that JustAnswer surreptitiously enrolled them in a recurring monthly subscription program that billed their credit cards $46.00 to $60.00 per month. *Id.* ¶¶ 60-75. This conduct is said to violate the Electronic Funds Transfer Act, 15 U.S.C. § 1693, and the consumer protection laws of California, New York, North Carolina, and Florida, which are the states where the named plaintiffs allege citizenship. Plaintiffs sue on behalf of a variety of putative national and state classes.

1       Plaintiffs anticipated a dispute over the arbitration clause and a class action waiver in the

2   JustAnswer TOS based on events in a prior California state court case.  The complaint details the

3   sign-up process that plaintiffs went through and provides screen shots said to represent what

4   plaintiffs saw when signing up.  Dkt. No. 1 ¶¶ 10-25.

5       True to form, JustAnswer asks to compel arbitration of plaintiffs' claims on an individual

6   basis pursuant to the TOS.  Dkt. No. 26.  Its main contention is that plaintiffs "had actual

7   knowledge (or at least inquiry notice) of the TOS," and so entered into binding and enforceable

8   arbitration agreements and class action waivers.  *Id*. at 1.  Plaintiffs' primary objection is that an

9   agreement was never formed because the TOS is a browsewrap agreement, and "arbitration

10  clauses in browsewrap agreements are unenforceable against individuals."  Dkt. No. 31 at 8.

11      From this starting point, the parties launched into a rather convoluted dispute about

12  JustAnswer's user sign-up and TOS disclosure practices, and whether plaintiffs were given fair

13  notice of the arbitration and class action waiver provisions before using the service.  Both sides

14  sought to bolster their positions with declarations, screen shots, and other evidence.

15      The problem is that neither side adequately presented the arbitration question for a decision

16  by the Court.  To start, there is a choice of law question that was not well-briefed.  JustAnswer

17  proffered three user agreements covering different time periods, each of which identifies the laws

18  of Idaho as governing the agreement and any disputes about it.  Dkt. Nos. 27-1 at ECF p. 29; 27-2

19  at 8; 27-3 at 21.  The named plaintiffs are from four different states.  Even so, JustAnswer elected

20  to apply California law to the formation dispute.  *See* Dkt. No. 26 at 6.  This was based on a few

21  case citations for the general principle that California federal courts typically apply California

22  choice of law rules in diversity and supplemental jurisdiction cases.  That may be so, but

23  JustAnswer did not take the essential next step of arguing which jurisdiction those choice of law

24  principles lead to.  *Id*. at 5.  For their part, plaintiffs simply said there is "no dispute" that

25  California law applies.  Dkt. No. 31 at 3.

26      This is an incomplete discussion.  It may be that the California choice of law rules apply to

27  the formation question, but a cogent choice of law analysis is missing.  Arguments can be made

28  that the laws of other states may apply, particularly in light of the choice of law in the TOS and the

diverse state citizenship of most of the named plaintiffs. The parties also did not squarely address the implications of the fact that the Court has federal question jurisdiction over this case because plaintiffs alleged a federal claim, which JustAnswer glossed over. Dkt. No. 26 at 5.

With respect to the formation dispute itself, Section 4 of the FAA states that when the "making of the arbitration agreement … [is] in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *see also Quiroz v. ADS-Myers, Inc.*, No. 20-cv-0155-JD, 2021 WL 4453579, at *1 (N.D. Cal. Sept. 29, 2021). Although the question of whether an online agreement is enforceable does not necessarily require a trial, *see Motley v. ContextLogic, Inc.*, No. 3:18-CV-02117-JD, 2018 WL 5906079, at *1 n.1 (N.D. Cal. Nov. 9, 2018), the record here features disagreements about the facts of formation. The parties did not expressly address a trial, but it is not obvious that the arbitration dispute may be decided without one.

Another concern involves the settlement of the prior California state court case. The description of that litigation in the complaint suggests that it overlaps with the facts and claims here. Whether that is true, and if so to what degree, is not clear in the record.

Consequently, the Court declines to resolve the question of arbitration on the record as it presently stands. The parties are directed to meet and confer about the Court's concerns, and to file a joint statement stating: (1) their positions on choice of law, namely which law applies and why; (2) should a trial be held on the question of formation under Section 4 of the FAA, and if not, why not; and (3) whether and how the California state court settlement affects the claims in this case. The statement may not exceed 22 pages and must be filed by November 6, 2023.

**IT IS SO ORDERED.**

Dated: October 2, 2023

JAMES DONATO
United States District Judge